UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

NO. 07-61329-CIV-MARRA/JOHNSON

UNITED STATES OF AMERICA,

    Plaintiff,

v.

CHRISTI R. SULZBACH,

    Defendant.
_____/

### OPINION AND ORDER DENYING MOTION TO DISMISS

THIS CAUSE is before the Court on Defendant Christi R. Sulzbach's Rule 12(b)(6) Motion to Dismiss (DE 10), filed November 20, 2007.  Plaintiff has responded and the motion is ripe for review.  The Court has carefully considered the motion and is otherwise fully advised in the premises.

On September 18, 2007, the United States ("Plaintiff") filed a three-count Complaint (DE 1) against Defendant Christi Sulzbach ("Defendant"), alleging various violations of the False Claims Act ("FCA"), 31 U.S.C. §§ 3729 *et seq*.  In the Complaint, Plaintiff alleges that Defendant made false declarations in 1997 and 1998 to the United States government that her former employer, Tenet Healthcare Corporation, was in material compliance with federal legal requirements.  (Compl. ¶¶ 2-3.)  As a result, Tenet Healthcare billed "Medicare for millions of dollars in claims that it was not legally entitled to receive."  (Compl. ¶ 4.)  Plaintiff now seeks damages and penalties against Defendant for facilitating Tenet Healthcare's false claims.

Defendant moves to dismiss the Complaint as barred by the statute of limitations.  Under

1

the FCA, a claim may not be brought more than six years after the date of the violation of the FCA or more than three years after the date when the material facts are known or should be known by the relevant United States government official charged with acting under the circumstances. 31 U.S.C. § 3731(b). Defendant maintains that Plaintiff has known (or should have known) about Defendant's role in the false declarations since at least May 2000. (*See* Def. Mot. 4-10.) Plaintiff argues that it did not "gain this evidence until July of 2006, when Tenet agreed to waive privilege as to certain documents that it had withheld during the prior litigation." (Pl. Resp. 1.)

Standard of Review

Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claims" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." Fed. R. Civ. P. 8(a). The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted). When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

Discussion

A statute of limitations bar is "an affirmative defense, and . . . plaintiff[s] [are] not

required to negate an affirmative defense in [their] complaint." *LaGrasta v. First Union Securities, Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) (citing *Tregenza v. Great American Communications Co.*, 12 F.3d 717, 718 (7th Cir. 1993)).  A Rule 12(b)(6) dismissal on statute of limitations grounds is appropriate only if it is "apparent from the face of the complaint" that the claim is time-barred.  *Id.*; *Omar v. Lindsey*, 334 F.3d 1246, 1251 (11th Cir. 2003); *Carmichael v. Nissan Motor Acceptance Corp.*, 291 F.3d 1278, 1279 (11th Cir. 2002).

     Defendant's only challenge in this motion to dismiss is whether Plaintiff's claims are barred by the FCA's statute of limitations.  Because the acts in question took place more than six years prior to the filing of the Complaint, Plaintiff relies on 31 U.S.C. § 3731(b)(2) to bring this action.  That section allows Plaintiff to file its action within three years of the date when it knew or should have known about the material facts giving rise to the violation of the FCA.  Defendant aptly frames the question presented by the instant motion: "[B]y when did the Government have sufficient information under its . . . interpretation of applicable law to conclude that Ms. Sulzbach knowingly violated the False Claims Act when she made her 1997 and 1998 certifications that Tenet was in material compliance with federal program legal requirements?" (Def. Resp. 1.)

     The United States specifically alleges in its Complaint that, prior to the government's 2006 settlement with Tenet Healthcare through which it received documents previously withheld as privileged, it had no knowledge of what advice Defendant received from the law firm of McDermott, Will & Emery regarding the violations of federal law.  (Compl. ¶ 100.)  The Court must accept this allegation as true.  The present motion presents a clear and unmistakable question of fact.  The Court cannot determine as a matter of law what knowledge the government

did or did not have at any time prior to September 2007.  To resolve what the government knew (or did not know) in May 2000, Defendant urges the Court look beyond the four corners of the Complaint.[1]  The Court cannot consider such a factual dispute on a motion to dismiss.  Since it is not "apparent from the face of the complaint" that Plaintiff's claim is time-barred, the Court must deny Defendant's motion to dismiss.  This denial, however, is without prejudice to Defendant asserting the expiration of the limitations period as an affirmative defense.

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Rule 12(b)(6) Motion to Dismiss (DE 10) is **DENIED**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 15th day of April, 2008.

_____
KENNETH A. MARRA
United States District Judge

Copies furnished to:
all counsel of record

---

[1] For example, Defendant argues that the government learned in a May 2000 deposition that she was advised in early 1997 of violations of the Stark Statute. (DE 11 at 2.)  Defendant also claims that the same lawyers who filed this case argued in a prior case that Defendant "was personally and directly involved" in the alleged wrongdoing. (*Id.*)  Defendant continues throughout her motion with a litany of facts outside the four corners of the Complaint.