IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) CASE NO. 07-61329-CIV-MARRA ) ) MAGISTRATE JUDGE JOHNSON |
| CHRISTI R. SULZBACH | ) ) |
| Defendant. | ) ) ) ) ) |

**DEFENDANT CHRISTI SULZBACH'S PRETRIAL MEMORANDUM OF LAW**

Pursuant to Local Rule 16.1.J, Defendant brings the following memorandum of law addressing "unusual questions of law" in anticipation of trial.

**I.   LEGAL ARGUMENT**

**A.   Actions Taken Pursuant to Colorable or Objectively Reasonable Interpretations of the Law Do Not Constitute Reckless Disregard Under the False Claims Act.**

Defendant first asks the Court to clarify the "reckless disregard" standard under the False Claims Act ("FCA"). The parties agree that to prevail on its FCA claims, the Government must prove Sulzbach acted either with "actual knowledge," or in deliberate ignorance or reckless disregard of the truth or falsity of the information submitted to the Government. 31 U.S.C. § 3729(b); United States' Opp'n to Def. Mot. for Summ. J. at 22; Def.'s Reply in Supp. of Summ. J. at 13. Though the statute does not define what constitutes "reckless disregard," recent case law makes clear that actions taken pursuant to *colorable or reasonable interpretations of*

*the law* cannot constitute reckless disregard, even when those interpretations are subsequently found to be erroneous or even reckless. *Safeco Ins. Co. of America v. Burr*, 551 U.S. 47, 69 (2007).

The question of what constitutes "reckless disregard" was recently addressed in great detail in the case *Safeco Ins. Co. of America v. Burr*, 551 U.S. 47 (2007). In *Safeco*, the plaintiffs alleged that two defendants violated the Fair Credit Reporting Act ("FCRA") by failing to send notifications to consumers informing them that their insurance rates were affected adversely by information contained in consumer credit reports. *Id.* at 54. In defense of the FCRA claims, the defendants argued that even if the rate determination constituted an "adverse action," they were not liable because their conduct – which was based on legal interpretations of a previously undefined statutory provision – did not constitute "reckless disregard." *Id.* at 68.

Notably, the Government filed an amicus brief strongly urging the Supreme Court to adopt a rigorous standard for what constitutes "reckless disregard of the law." *See* Brief for the United States as Amicus Curiae in Support of Vacatur in No. 06-84 and Reversal in No. 06-100, *Safeco Ins. Co. of America v. Burr*, Nos. 06-84; 06-100, 2006 WL 336481 (Nov. 13, 2006), attached as Ex. A. The Government observed "there are two essential aspects of 'reckless disregard' in the civil context." *Id.* at *21. First, "recklessness bespeaks an *aggravated or extreme departure from standards of ordinary care.*" *Id.* Accordingly, "the usual meaning assigned to 'reckless' is that an actor has intentionally done an act of an unreasonable character in disregard of a risk known to him or so obvious that he must be taken to have been aware of it, and so great as to make it highly probable that harm [or illegality] would follow. *Id.* at *21 (*quoting* William L. Prosser, THE LAW OF TORTS § 34 (4th ed. 1971). Second, "reckless disregard in the civil context is, at bottom, an objective standard." *Id.* at *22. This is especially

true in cases where the reckless standard "is framed in terms of compliance with the law, and the statutory standard itself is not necessarily well-established." *Id.* In such cases, "courts must undertake an objective inquiry to determine whether the defendant's conduct ***reflected a colorable interpretation of the law.***" *Id.* "Mere unreasonableness or implausibility" is not sufficient. *Id.* Rather, "the defendant's determination of his legal obligations must be shown to have fallen ***outside the range of responsible judgment.***" *Id.* at *23.

The Supreme Court adopted the Government's approach in crafting its *Safeco* opinion. The Court held that common law generally understood "reckless disregard" in the civil context to require "an unjustifiably high risk of harm that is either known or so obvious that it should be known." 551 U.S. at 68 (quoting *Farmer v. Brennan*, 511 U.S. 825, 836 (1994)). The Court further addressed the specific case where a defendant justified his or her action on the basis of uncertainty in the law. In such cases, the plaintiff must show not only that the defendant's action constitutes "***a violation of a reasonable reading of the statute's terms, but [also] that the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless.***" *Id.* at 69.

Subsequent federal courts, including the D.C. Circuit, have applied the *Safeco* principle to cases involving the False Claims Act and held that parties cannot knowingly submit false claims when they act based on a reasonable interpretation of their legal obligations. *See, e.g., United States ex rel. K & R Ltd. P'ship v. Mass. Hous. Fin. Agency*, 530 F.3d 980, 983 (D.C. Cir. 2008) (finding that the plaintiff failed to prove the defendant's interpretation of ambiguous mortgage note terms was objectively unreasonable and the defendant therefore could not have knowingly submitted false claims); *United States ex rel. Pritsker v. Sodexho, Inc.*, 2009 U.S. Dist. LEXIS 51469, at *53-54 (E.D. Penn. Mar. 6, 2009) ("[t]he lack of clarity regarding the

proper interpretation of the regulations indicates that no basis exists for imposing FCA liability on Defendants, who merely adopted a reasonable interpretation of the regulatory requirements which favored their interests.").

Accordingly, to prevail in this FCA action, the Government must satisfy same reckless disregard standards that it advocated – and which the Supreme Court adopted – in *Safeco*. Namely, the Government must show that Sulzbach submitted claims with either "actual knowledge" or "an unjustifiably high risk of harm that is either known or so obvious that it should be known." *Safeco*, 551 U.S. at 68.

### B. The False Claims Act Does Not Permit The Government to Shift the Burden of Persuasion to Sulzbach.

Sulzbach also asks the Court to clarify which party bears the burden of proving the submission of a "false claim" under the False Claims Act. *See* 31 U.S.C. §§ 3729(a)(1), (a)(2), and (a)(7) (1986). Congress addressed this issue in enacting 31 U.S.C. § 3731(c), which requires "the United States . . . to prove . . . all essential elements of [its FCA] causes of action . . . by a preponderance of the evidence." In spite of this clear Congressional mandate, the Government disagrees, arguing that because its FCA claims are premised on purported Stark Law violations by a single Tenet hospital, the burden shifts to Sulzbach to affirmatively establish that her certifications were not false, and that the hospital acted in compliance with federal law. For the reasons discussed below, the Government's position cannot stand in the wake of clear and contrary statutory authority.

The Government's causes of action in this case arise under the ***False Claims Act***, not the Stark Law. The Government contends Sulzbach violated the FCA by falsely certifying Tenet's compliance with its Corporate Integrity Agreement ("CIA") and other federal program legal

requirements in the company's 1997 and 1998 annual compliance reports. (Compl. ¶¶ 89, 92.) According to the Government, these certifications constitute "false claims" under the FCA because one of Tenet's approximately 130 hospitals – North Ridge Medical Center ("North Ridge") – violated the Stark Law by submitting Medicare and Medicaid claims based on referrals from physicians that had improper employment agreements with the hospital. (*Id.* at ¶ 3.) Defendant maintains that the evidence shows that the North Ridge claims did not violate the Stark Law.

The FCA expressly mandates that "***the United States*** [is] required to prove all essential elements of the cause of action, including damages, by a preponderance of the evidence." 31 U.S.C. § 3731(c). It is well-established that "***the submission of a false claim*** is the '*sine qua non* of a False Claims Act violation.'"[1] *Hopper v. Solvay Pharms., Inc.*, 588 F.3d 1318, 1328 (11th Cir. 2009) (emphasis added). *See also Barys ex rel. United States v. Vitas Healthcare Corp.*, 298 Fed. Appx. 893, 894 (11th Cir. 2008) ("In order to state a claim under the FCA, a plaintiff must plead three elements [including] a false or fraudulent claim"); *United States ex rel. DRC, Inc. v. Custer Battles, LLC*, 472 F. Supp. 2d 787, 797 (E.D. Va. 2007) ("[O]ne essential element of any FCA claim is "proof of an objective falsehood."); *United States ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008) ("To satisfy this first element of

---

[1] Of course, evidence of a "false claim," is only one of several factors the Government must prove to establish an FCA violation. As explained in Defendant's Motion for Summary Judgment, the Government has failed to produce evidence supporting several other elements of its FCA actions, including (a) that Sulzbach's certifications constitute "claims" under the FCA; (b) that she acted with the requisite scienter; (c) that she caused the presentment of false claims; (d) that she made false statements for the purpose of getting false claims paid or to avoid an obligation to pay the United States money; and (e) that she owed an obligation to the Government. (Def.'s Mem. in Supp. of Summ. J. at 20-29.)

an FCA claim, the statement or conduct alleged must represent an objective falsehood."). To meet its burden of establishing a "false claim," the Government "must demonstrate that an objective gap exists between what the Defendant represented and what the Defendant would have stated had the Defendant told the truth." *Custer Battles, LLC*, 472 F. Supp. 2d at 797.

In its motion for summary judgment, the Government essentially asks this court to ignore the plain language of Section 3731(c) and the FCA's "false claim" requirement, and instead **_require Sulzbach_** to affirmatively establish the truthfulness of the claims made in her annual compliance certifications. Specifically, the Government argues that because its FCA claims are predicated on purported Stark Law violations, it need not demonstrate that Tenet or North Ridge were in actual violation of any law at the time Sulzbach submitted the certifications. Instead, to establish its *prima facie* case, the Government claims it need show only that North Ridge had a financial relationship with physicians, and that the hospital submitted claims to Medicare for designated health care services rendered by these physicians during the period in which their employment agreements were in effect. (United States' Mem. in Supp. Summ. J. at 16.) The Government would then shift the burden to Sulzbach to affirmatively prove North Ridge's financial relationships fell within a Stark Law exception, and by implication, that her assertions regarding Tenet's compliance with federal program requirements were not false. *(Id.* at 9, 16.)

The Government's position rests on a fundamental misunderstanding of the claims asserted against Sulzbach. According to the Government, it does not have to prove Sulzbach's certifications were false because the Government "does not bear the burden of proving that a financial relationship falls outside an exception to the **_Stark Statute_**." (*Id.* at 16, emphasis added.) This highly debatable statement of law – which Defendant does not concede – is entirely irrelevant to apportioning the burden here. The Government has pled no Stark Law claims.

Instead, the Government contends Sulzbach violated the *FCA*, a separate and distinct statute with different elements, burdens, and penalties. *Compare* Stark Law, 42 U.S.C. § 1395nn(g) (denying payment, requiring refunds, and – in very limited cases – imposing civil penalties, against physicians and entities that present payments of claims generated by improper referrals) *with* False Claims Act, 31 U.S.C. § 3729(c) (imposing civil penalties, actual damages, and punitive treble damages against a far broader range of individuals including persons that present false or fraudulent payments, *as well as* persons that make, use, or cause to be made or used false statements for the purpose of getting a false claim paid or concealing an obligation to pay or transmit money to the government). Critically, the Stark Law is silent with respect to which party bears the burden of proving specific elements of a Stark Law claim. By contrast, the FCA contains definitive language apportioning the burden of proof: **"*The United States* shall be required to prove all essential elements of the cause of action, including damages, by a preponderance of the evidence."** 31 U.S.C. § 3731(c) (emphasis added). The clear and precise language of Section 3731(c) simply does not permit the Government to pass on its burden of proving the existence – or lack thereof – of a "false claim" to Sulzbach.

The two cases cited by the Government do not support ignoring Section 3731(c)'s clear instruction that the United States bears the burden of persuasion in FCA cases. In *United States v. Rogan*, 459 F. Supp. 2d 692 (N.D. Ill. 2006), the language quoted by the Government regarding the burden of proving exceptions is taken from a section of the opinion addressing violations under the *Anti-Kickback Statute*, 42 U.S.C. § 1320a-7b(b). *Id.* at 714-716. Notably, two paragraphs later -- in a subsequent section construing claims under the FCA -- the court expressly observes that Section 3731(c) requires the United States to "prove all essential elements" of any FCA cause of action. *Id.* at 716 (*quoting* 31 U.S.C. § 3731(c)). Moreover, in

finding this burden met, the court emphasized the Government's "ov erwhelming evidence" establishing the "myriad ways" the prohibited relationships "***do not satisfy***" an exception to the Stark Law or Anti-Kickback Statute. *Id.* at 722. The Government's invocation of *United States ex rel. Kosenke v. Carlisle HMA, Inc.*, 554 F.3d 88 (3d Cir. 2009) is similarly unpersuasive. In *Carlisle*, the Third Circuit reviewed an opinion from the lower court that held the challenged relationships fell within a Stark Law exception. *Id.* at 91. Because the defendant prevailed at the trial level, it did not even address the burden of proof issue on appeal. *See* Brief of Appellees, *United States ex rel. Kosenke v. Carlisle HMA, Inc.*, No. 07-4616 (3d Cir. Mar. 25, 2008). As such, the Third Circuit's mention in passing that the defendant bears the burden of establishing an exception to the Stark Law appears to have been based on an incomplete – and incorrect – analysis that does not address Section 3731(c). *See Carlisle*, 554 F.3d at 95.

For all of these reasons, the Court should require the Government to prove that Sulzbach's certifications were false under the FCA by proving that the physician contracts at issue violated the Stark Law.

Respectfully submitted,

COLSON, HICKS, EIDSON
255 Aragon Avenue
Second Floor
Coral Gables, Florida 33134
Phone: (305) 476-7400
Fax: (305) 476-7444
E-Mail: paul@colson.com

*By: s/Paul C. Huck, Jr.,*
PAUL C. HUCK, JR.
Florida Bar No. 0968358
ROBERTO MARTINEZ
Florida Bar No. 305596

**GIBSON, DUNN & CRUTCHER LLP**

ROBERT B. KRAKOW
State Bar No. 11702000
JOSEPH R. CALLISTER
State Bar No. 24059054
2100 McKinney Avenue, Suite 1100
Dallas, Texas 75201
Telephone: (214) 698-3100
Facsimile: (214) 571-2900

**GIBSON, DUNN & CRUTCHER LLP**

ROD J. STONE
CA Bar No. 145405
333 South Grand Avenue
Los Angeles, CA 90071-1512
Telephone: (213) 229-7000
Facsimile: (213) 229-7520

**ATTORNEYS FOR DEFENDANT**

CASE NO. 07-61329-CIV-MARRA

## CERTIFICATE OF CONFERENCE

In accordance with Local Rule 7.1.A.3, counsel for Defendant conferred with counsel for the United States in writing on March 18, 2010 regarding the issues raised in this Motion. The parties were unable to reach an agreement and Defendant therefore filed this Motion.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 18, 2010, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being severed this day on all counsel of record identified on the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

*s/ Paul C. Huck, Jr.,*

## SERVICE LIST

TONY WEST
Acting Assistant Attorney General
Civil Division
JEFFREY H. SLOMAN
United States Attorney for the
Southern District of Florida
JUNE ACTON
Assistant United States Attorney
99 N.E. 4th Street
Miami, FL 33132
(305) 961-9431
june.acton@usdoj.gov

JOYCE R. BRANDA
MICHAEL D. GRANSTON
DAVID T. COHEN
DAVID B. WISEMAN
Attorneys, Department of Justice
Civil Division
Post Office Box 261
Ben Franklin Station
Washington, DC 20044
(202) 307-0132
david.t.cohen@usdoj.gov
david.wiseman@usdoj.gov

Colson Hicks Eidson
255 Aragon Avenue, 2nd Floor, Coral Gables, Florida 33134-5008 Telephone: (305) 476-7400 Fax: (305) 476-7444